IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08 C 383<br>Judge Andersen<br>Magistrate Judge Ashman |
| BARBARA F. PIERCE, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

Defendant, BARBRA PIERCE, has filed a motion to dismiss Plaintiff's Complaint which was recently removed to this court based on ERISA preemption. The complaint brought by Plaintiff, COUNTRY LIFE INSURANCE COMPANY seeks a declaratory judgment pursuant to state law under a group long-term disability policy ("policy") governed by the ERISA law. Plaintiff's complaint relates to Defendant's claim for benefits under that policy. It is well settled that ERISA sets forth the sole, exclusive regime for resolution of disputes surrounding claims for benefits under ERISA plans, and that ERISA preempts state law in this regard. However, Plaintiff brings only a state law claim in this case, in direct contravention of binding precedent. As discussed in detail below, Plaintiff's claim clearly "relates to" an ERISA plan and conflicts with ERISA's exclusive regime for resolution of disputes involving benefits. Accordingly, Plaintiff's claim is preempted by ERISA, and Defendant respectfully requests that this Court dismiss it so that Defendant's disability benefits continue.

### THE COMPLAINT

Plaintiff admits that the policy is a group insurance policy issued by Plaintiff to Defendant's employer for the benefit of its employees. (Am. Compl. ¶ 1, 2.) Plaintiff further

admits that Defendant, as an employee, qualified as an insured participant under the policy. *Id.* Plaintiff's complaint involves Defendant's claim for benefits under the policy. (Am. Compl. ¶¶ 3, 4.)

Plaintiff alleges that it has requested certain information and documents from Defendant in relation to her claim under the policy. (Am. Compl. ¶ 4.) Plaintiff alleges it has requested this information from Defendant pursuant to a specific provision of the policy entitled "Proof of Loss." (Am. Compl. ¶ 6.) Plaintiff alleges that Defendant has not provided the requested information and documents, and thus that Plaintiff is unable to determine whether she is entitled to benefits under the policy. (Am. Compl. ¶¶ 4, 7.) Plaintiff asserts that administration or payment of benefits in connection with Defendant's claim should be suspended until such time that Plaintiff receives the requested information. (Am. Compl. ¶ 8.)

Plaintiff's seeks relief in this case in the form of a declaratory judgment made under 735 Ill. Comp. Stat. 5/2-701, the Illinois statute providing for declaratory judgment in civil cases. (Am. Compl. ¶10.) Plaintiff seeks relief under that statute such that the court find and declare: 1) that Defendant has refused to cooperate in connection with her claim under the policy; 2) that any administration of Defendant's claim should be suspended until Defendant has cooperated with the terms of the policy; and 3) that if Defendant does not cooperate with the terms of the policy any further claims under the policy will be precluded. *Id.*

## ARGUMENT

Plaintiff's claim depends on the existence and terms of a group insurance policy providing employee disability benefits to Defendant's employer. That policy is governed by ERISA law, which contains a broad preemption provision. Since Plaintiff's claim would require the Court to consult and/or interpret the terms of the policy, 29 U.S.C. § 1144 preempts the claim

2

from being brought under state law. Furthermore, Plaintiff's claim is clearly at odds with ERISA's exclusive remedial scheme. For these reasons, Plaintiff's claim was improperly brought under state law and should be dismissed.

I. **THE POLICY CONSTITUTES AN "EMPLOYEE WELFARE BENEFIT PLAN" UNDER ERISA LAW**

ERISA defines an "employee welfare benefit plan" as a "plan, fund, or program…established or maintained by an employer…for the purpose of providing…through the purchase of insurance or otherwise…benefits in the event of…disability." 29 U.S.C. § 1002(1). Plaintiff has admitted that the policy in question is a group disability insurance policy issued by Plaintiff to employees of Defendant's employer. (Am. Compl. ¶ 1, 2.) Plaintiff does not contend that the policy falls within any of the exemptions provided under ERISA at 29 U.S.C. § 1003(b). Thus, the policy is clearly an "employee welfare benefit plan" as defined and governed by ERISA law.

II. **ERISA PREEMPTS CLAIMS BASED ON STATE LAWS THAT "RELATE TO" EMPLOYEE BENEFIT PLANS AS WELL AS STATE LAW CLAIMS THAT SUPPLEMENT OR REPLACE ERISA'S EXCLUSIVE REMEDIAL SCHEME**

The intent of Congress in enacting ERISA was to set forth a uniform law governing the various employee welfare benefit plans established by employers throughout the country. ERISA thus contains a broad preemption clause that expressly "supersedes any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Furthermore, the Supreme Court has held that ERISA preempts state law claims and provides exclusive federal remedies for disputes arising under ERISA-regulated employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). The Supreme Court has recognized that ERISA therefore implicates two distinct types of state-law preemption: "conflict preemption," where a state law claim is preempted because it "relates to" an ERISA benefit plan, and

"complete preemption," where a state law claim is preempted because it conflicts with an objective of ERISA, including ERISA's enforcement scheme. *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 145 (1990); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

### A.    Conflict Preemption

ERISA contains a provision at § 514(a) which expressly recognizes that state laws that "relate to" employee benefit plans are preempted by ERISA. 29 U.S.C. § 1144(a). The Supreme Court has noted that this preemption clause is "conspicuous for its breadth" and reflects the intent to make regulation of employee benefit plans an exclusively federal concern. *Pilot Life*, 481 U.S. at 46. This ensures that conflicts between state and federal directives are avoided. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142. (1990). Thus, the term "state law" is broadly defined under ERISA and includes "all laws, decisions, rules, regulations, or other State action having the effect of any law, of any State." 29 U.S.C. § 144(c). Furthermore, the words "relate to" were intended by Congress to be interpreted in their "broadest common-sense meaning," so that a state law relates to a benefit plan if has "a connection with or reference to such a plan." *Pilot Life*, 481 U.S. at 48; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

The Supreme Court has emphasized that a state law may "relate to" an employee benefit plan even if the law is not specifically designed to have an affect on such plans, or if the effect is only indirect. *Ingersoll-Rand*, 498 U.S. at 139. Further, the Court has noted that preemption is not precluded simply because a state law is consistent with ERISA's substantive requirements. *Id.* Rather, as the Seventh Circuit has held, any claim that requires the court to be "directed to" a benefit plan is "related to" the plan within the meaning of the ERISA preemption provision. *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1136 (7th Cir. 1992) (citing *Ingersoll-Rand*, 498

U.S. at 139). ERISA's broadly-worded preemption provision "routinely preempts" state law claims that require a determination of the substantive rights and duties of parties related to the administration of an ERISA plan. *Rice v. Panchal*, 65 F.3d 637, 646 (7th Cir. 1995).

Therefore, any state law claim on the subject of an employee benefit plan will be preempted by ERISA law, so long as it is not a state law regulating insurance. *Id.* Courts have had "no trouble" in coming to this conclusion on a routine basis in a broad array of state law claims related to contract recovery, tort recovery, bad faith claims, and the like. *Tolle*, 977 F.2d at 1136 (holding a complaint involving an employee benefit plan "rests on federal law no matter what label its author attaches"). So long as the complaint requires the court to look at a benefit plan for resolution of the claim, it falls under ERISA's broad preemption provision. *Id.*

### B.　　Complete Preemption

When Congress has so completely pre-empted a particular area of law such that it is "purely a creature of federal law," then any complaint raising a claim in that area is necessarily federal in character. *Metro Life. Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). The Supreme Court has held that state actions arising under the scope ERISA law at § 502(a) are subject to "complete preemption." *Id.* Section 502(a) sets forth an exclusive federal remedial scheme under which claims involving employee benefit plans are to be resolved. 29 U.S.C. § 1132(a), (f). ERISA's exclusive enforcement scheme has been noted to be "one of the essential tools for accomplishing the stated purposes of ERISA," and was intended to supplant similar state law claims. *Pilot Life*, 481 U.S. at 54.

In determining whether ERISA completely preempts a state law claim, a court will look at whether the plaintiff's claim falls within the scope of ERISA such that he is eligible to bring a claim under § 502(a), as well as whether the state law claim "cannot be resolved" without

interpretation of the terms of a benefit plan governed by federal law. *Rice v. Panchal*, 65 F.3d 637, 641, 644 (7th Cir. 1995). If these qualifications are met, then the state law claim is essentially serving to "supplement or supplant" ERISA's exclusive remedial scheme, and will be completely preempted. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002); *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004).

### III.  PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF IS PREEMPTED BY ERISA

Plaintiff's claim for declaratory judgment is preempted under both the doctrines of conflict preemption and complete preemption. Plaintiff's claim, arising under Illinois law, clearly "relates to" an employee benefit plan subject to governance under ERISA law. Therefore, it is subject to conflict preemption under § 514(a) of ERISA (29 U.S.C. § 1144(a)). In addition, Plaintiff's claim seeks relief that is exclusively provided for under § 502(a) of ERISA (29 U.S.C. §1132(a)), and thus is also subject to complete preemption under ERISA law.

Under the broad meaning of the term that Congress intended in §514(a), Plaintiff's state law claim is undoubtedly "related to" an ERISA-governed employee benefit plan, and thus subject to conflict preemption. Plaintiff admits in its amended complaint that it is an Illinois corporation authorized to write insurance policies, that it issued one such policy to Defendant's employer providing for employee disability benefits, and that Defendant is a participant under that policy. (Am. Compl. ¶¶ 1, 2.) Further, Plaintiff's complaint is brought pursuant to a claim Defendant made under that policy, and involves a request for information Plaintiff made under specific provisions of that policy. (Am. Compl. ¶¶ 3, 4.) Plaintiff's claim seeks relief pursuant to an Illinois statute providing for declaratory judgment, which would fall under the broad array of general state law claims, including claims for equitable relief, that are not specifically related to insurance regulation. (Am. Compl. ¶ 10.) *See Shaw v. Delta Air Lines*, 463 U.S. 85, 98

6

(1983).  Plaintiff's complaint therefore implicates ERISA's explicit preemption provision related to state law claims.

Furthermore, in resolving Plaintiff's claim the court would necessarily be "directed to" interpret specific provisions of the insurance policy in coming to a resolution of the claim. Plaintiff's complaint points to the specific provision in the policy, entitled "Proof of Loss," which it alleges Defendant has failed to comply with.  (Am. Compl. ¶ 6.)  This is the very basis on which Plaintiff's allegations rest.  *Id.*  Therefore, in determining whether Plaintiff is entitled to declaratory relief, the court would necessarily be required to look to and interpret the terms of the policy, an ERISA employee benefit plan.  *Id.*  This is the essence of the meaning of the term "relates to" involved here, as it would involve the threat of inconsistencies between state and federal law that ERISA explicitly seeks to avoid.  *Shaw*, 463 U.S. at 98.  Thus, Plaintiff's claim is subject to the explicit conflict preemption provided for under ERISA law.

In addition, Supreme Court and Seventh Circuit precedent also dictates that Plaintiff's claim is "completely preempted" under § 502(a) of ERISA.  *Metro Life. Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987); *Rice v. Panchal*, 65 F.3d 637, 641, 644 (7th Cir. 1995).  Plaintiff seeks relief in this case that supplants the relief already provided for under ERISA's exclusive remedial scheme.  29 U.S.C. § 1132(a).  The intent of ERISA was to provide uniformity in the administration of employee benefits, thus disallowing any state law remedy that would replace those set forth under the federal law.  *Metro Life*, 481 U.S. at 64.  That intent would be completely subverted here by allowing Plaintiff's state law claim to stand.

Plaintiff's complaint seeks relief such that the court find and declare that Defendant has failed to comply with the terms of the policy in connection to her claim and that any administration of Defendant's claim by Plaintiff should be suspended.  (Am. Compl. ¶ 10.)  This

7

form of relief mirrors that already provided for under § 502(a) of the ERISA statute, and Plaintiff would therefore have been eligible to bring its claim pursuant to that section. Section 502(a)(3) specifically states that an action may be brought by a fiduciary: "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or <u>(ii) to enforce any provisions of this title or the terms of the plan.</u>" 29 U.S.C. § 1132(a)(3) (emphasis added). Plaintiff's claim therefore clearly falls within the scope of this provision, and should have been brought pursuant to it. (*See* Am. Compl. ¶ 10.) Furthermore, Plaintiff's claim cannot be resolved without interpretation of the terms of the policy, which is governed by federal law. Therefore, it is completely preempted by ERISA.

## CONCLUSION

Plaintiff's complaint sets forth a claim for relief pursuant to the terms of an employee benefit plan governed by ERISA law. Therefore, Plaintiff's only remedy for this complaint would be a cause of action under ERISA. However, rather than bring an ERISA claim, Plaintiff has asserted a state law cause of action seeking declaratory relief. Plaintiff's state law claim both "relates to" the benefit plan it issued to Defendant's employer and conflicts with ERISA's exclusive federal regime for resolving disputes related to benefit plans. Therefore, Plaintiff's Amended Complaint is preempted, and this Court should dismiss it.

Respectfully submitted**,**

BARBRA F. PIERCE, Defendant

By: /s/ Mark D. DeBofsky_____
      One of her attorneys

8

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe St., Ste. 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

9

## **CERTIFICATE OF SERVICE**

The undersigned, attorney for Defendant, hereby certifies that he caused this Motion and Memorandum to be served upon

Keith G. Carlson
Carlson Law Offices
218 N. Jefferson, Ste. 101
Chicago, Illinois 60661
(312) 627-1212
by U.S. mail on
January 28, 2008.

    /s/ Mark D. DeBofsky
Mark D. DeBofsky