IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | No. 08 C 383 |
| v. | ) ) | Judge Anderson |
| | ) | Magistrate Judge Ashman |
| BARBARA F. PIERCE, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

NOW COMES the Plaintiff, COUNTRY LIFE INSURANCE COMPANY, and for its Response to the Motion to Dismiss of Defendant, BARBARA F. PIERCE , alleging that ERISA preemption applies requiring that Federal law applies as opposed to State law, responds as follows:

**INTRODUCTION**

Defendant misinterprets Plaintiff's  position and claim.  Plaintiff seeks the interpretation of a group insurance policy in effect between Plaintiff and the employer of Defendant, under which Defendant PIERCE seeks benefits.  The interpretation is not sought pursuant to any State provision or law, but simply requests the court to interpret the contract.  Defendant has now removed this action to Federal court arguing that ERISA law or Federal law controls the interpretation.  COUNTRY LIFE has no objection to the Federal court interpreting this contract under Federal law and ERISA.  COUNTRY LIFE does not seek to apply some substantive state law to control the interpretation of the policy.

**ARGUMENT**

Defendant BARBARA PIERCE has removed this action to Federal court based on the claim of ERISA preemption. Confusingly, PIERCE argues that complete preemption applies, which just means that Federal law would apply, but also argues for dismissal. This case solely involves the interpretation of a group life insurance policy under which PIERCE claims benefits. While COUNTRY LIFE does seek an interpretation of this contract and has brought a declaratory judgment action, Federal courts frequently hear declaratory judgment actions involving the interpretation of insurance policies as well. No State common or statutory law is sought to be relied upon in interpreting the contract.

In support of her motion, PIERCE relies upon Rice v. Panchal, 65 F.3d 637 (7th Cir., 1995). In Rice, the court discussed the differences between complete preemption and conflict preemption, explaining where a claim is completely preempted by Secton 502(a), as follows:

> If a state law claim has been "displaced", see *Taylor*, 481 U.S. at 60, 107 S.Ct. At 1544-45, and therefore complete preempted by § 502(a), then a plaintiff's state law claim is properly "recharacterized" as one arising under federal law. *Taylor*, 481 U.S. at 64, 107 s.Ct. At 1546-47; *Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 241 (7th Cir.1994); *Bartholet v. Reishauser A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir.1992)... Thus, complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not. 65 F.3d at 640.

In Rice, the question was whether the claimant's efforts to sue his insurer based on alleged medical malpractice of a doctor under state common law principles of respondent superior was within the scope of § 502(a) of ERISA, and therefore completely preempted. In other words, the claim in Rice involved assertions of medical malpractice and respondeat

superior under state law.  No assertion is made by COUNTRY LIFE that any particular common law of the state of Illinois applies to this contract interpretation.  Instead, COUNTRY LIFE seeks an interpretation of the contract which, if PIERCE is correct that ERISA applies, just means that this court would decide the interpretation of the contract pursuant to Federal and ERISA precedent.

PIERCE does not argue that the court cannot decide this contract interpretation under Federal or ERISA law.  Instead, PIERCE argues that it should be dismissed because ERISA preemption applies.  PIERCE cites boiler plate law discussing the differences between conflict preemption and complete preemption to argue that both apply, ultimately asserting that the plaintiff's claim should exclusively be decided under ERISA.   However, the point of preemption is not to dismiss a case, but, as held in Rice, to confer Federal jurisdiction and have the dispute resolved under ERISA and Federal law.  A declaratory judgment procedure in state court is not substantive law, and COUNTRY LIFE has not asserted any substantive state law, but merely seeks an interpretation of the contract, which can and is frequently done as a declaratory judgment in Federal court applying Federal law.

In conclusion, the essence of complete preemption is that Federal jurisdiction and law applies, not that a claim is dismissed.  If this court concludes that complete preemption does not apply, then the motion to dismiss should be denied and the case sent back to state court.  If it concludes that complete preemption does apply, then the parties should move forward with interpreting the contract under ERISA and Federal law, and the motion denied.   Since we are now already in Federal court, Defendant's relief has been already granted.  To the extent the court believes that the interpretation in a declaratory judgment in Federal court need some further references to ERISA in the Complaint, although we are now already in Federal court,

COUNTRY LIFE requests leave to file an amended pleading in this court.

WHEREFORE, Plaintiff, COUNTRY LIFE INSURANCE COMPANY, respectfully requests this Court deny Defendant BARBARA PIERCE'S Motion to Dismiss and allow this matter to proceed in Federal court to interpret the group insurance policy under the facts of this case.

                         Respectfully submitted,

                         **CARLSON LAW OFFICES**

                         By:  *s/ Keith G. Carlson*
                         Keith G. Carlson, One of the attorneys for Plaintiff,
                         COUNTRY LIFE INSURANCE COMPANY

Keith G. Carlson
**CARLSON LAW OFFICES**
218 N. Jefferson, Ste. 101
Chicago, Illinois 60661
(312) 627-1212

Keith G. Carlson
*CARLSON LAW OFFICES*

218 N. Jefferson, Suite 101
Chicago, Illinois 60661
Telephone: (312) 627-1212
E-mail: kcslaw@aol.com
Attorneys for Country Mutual

## CERTIFICATE OF SERVICE

    I hereby certify that on March 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM\ECF system which sent notification of such filing to the following:

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe Street, Ste 2440
Chicago, IL 60603
mdebofsky@ddbchicago.com

                                                              *s/ Keith G. Carlson*