IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 383 |
| v. | ) ) ) | Judge Andersen<br>Magistrate Judge Ashman |
| BARBARA F. PIERCE, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

#### INTRODUCTION

In response to Defendant's motion to dismiss based on grounds of ERISA preemption, Plaintiff concedes the applicability of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* ("COUNTRY LIFE has no objection to the Federal court interpreting this contract under Federal law and ERISA."  (Plaintiff's Response, p. 1)). Plaintiff's concession is consistent with Supreme Court and Seventh Circuit precedent cited in Defendant's Motion to Dismiss which dictates that Plaintiff's claim is "completely preempted" under § 502(a) of ERISA. *Metro Life. Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987); *Rice v. Panchal*, 65 F.3d 637, 641, 644 (7th Cir. 1995).  While Plaintiff mentions in passing the possibility of a remand to state court (Plaintiff's Response, p 3), such a suggestion at this point is untimely under the Federal Rules of Civil Procedure and has no basis in law or fact.

#### ARGUMENT

Despite recognizing the applicability of ERISA preemption, Plaintiff seeks relief that

supplants the relief already provided for under ERISA's exclusive remedial scheme set forth in ERISA Section 502. (codified at 29 U.S.C. § 1132). The declaratory judgment or the breach of contract action Plaintiff currently pleads is not cognizable under ERISA which only permits claims pursuant to Sec. 502 of the statute (codified at 29 U.S.C.S. §1132). Under Section 502, the only potential claims that could possibly be available to Plaintiff are found in ERISA Sections 502(a)(1)(B), 502(a)(2), 502(a)(3). As discussed below, Plaintiff is not able to avail itself of any of those claims for relief; hence, the Complaint must be dismissed.

    A.    § 502(a)(1)(B) is Unavailable

Plaintiff, who is neither a plan participant nor a beneficiary (defined in 29 U.S.C. §§ 1002(7) and (8)) has no standing to bring its claims under ERISA Section 502(a)(1)(B) (codified at 29 U.S.C.S. §1132(a)(1)(B)), which states:

> A civil action may be brought (1) by a participant or beneficiary -- to recover benefits due to him under the terms of his plan, to reinforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C.S. §1132(a)(1)(B). The Plaintiff in this case, as insurance company that is neither a participant or beneficiary, is plainly ineligible to bring a claim under Section 502(a)(1)(B) since only a participant or beneficiary can bring such a claim as stated in the plain language of the statute.

    B.    § 502(a)(2) is Unavailable

The second potential avenue for civil enforcement under Section 502 is under Section 502(a)(2) which states "A civil action may be brought…(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C.S. §1132(a)(1). Section 502(a)(2) is also unavailable to the Plaintiff in this case. Although the Plaintiff is arguably a fiduciary of the Plan ("fiduciary" is defined by 29 U.S.C. § 1002(21)(A)),

and would have standing to invoke §502(a)(2), the Defendant is not a fiduciary and would not be subject to liability under 29 U.S.C. § 1109 which invokes a claim for breach of fiduciary duty:

> Liability for breach of fiduciary duty (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title. (b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

29 U.S.C.S. §1109. No such claim is alleged within the four corners of Plaintiff's complaint nor can it be reasonably alleged on the facts as presented to this Court. Defendant is not alleged to be a fiduciary in the complaint nor could she be under the statutory definition. Thus, Plaintiff has no cause of action under § 502(a)(2).

    C.    § 502(a)(3) is Unavailable

The final potential basis for Plaintiff's claim is ERISA § 502(a)(3) (codified at 29 U.S.C.S. §1132(a)(3)), which allows suits to be brought by a participant, beneficiary, or fiduciary:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C.S. §1132(a)(3)(B). Just as with the foregoing potential claims for relief, Plaintiff has no claim under this section as it has not sought to enjoin any act or practice by the Defendant that is allowable under equity, nor is the claim asserted by Country Life seeking "appropriate equitable relief."

The Supreme Court has recognized that ERISA permits only equitable remedies under Section 502(a)(3). *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (U.S. 2002).

In *Great-West v. Knudson*, the Supreme Court made it clear that only "appropriate equitable relief" is available under § 502(a)(3) and disallowed a claim brought by an insurer seeking to recover monies pursuant to a reimbursement provision of a health insurance plan. Although *Sereboff v. Mid Atl. Med. Servs., Inc.,* 126 S.Ct. 1869 (2006) has expanded insurers' rights to seek such relief, that is not the basis of Plaintiff's claim here – the lawsuit asserts that Plaintiff has requested certain unspecified information and documents from plaintiff, that Plaintiff has a right to such unspecified documents based on unspecified provisions of its employee benefit plan, and that Defendant has refused to provide the requested information. Amended Complaint for Declaratory Relief at ¶¶4, 5. Nowhere in the Amended Complaint does Plaintiff specify how, if at all, the claims it is asserting seek "appropriate" equitable relief, which the Supreme Court specified in *Knudson* as being limited to injunction, mandamus, and restitution in equity. Notably, the Plaintiff fails to even request that the Court order the Defendant to produce the documents which Plaintiff allegedly requires. Amended Complaint for Declaratory Relief at ¶¶A-D. Thus, there is simply no basis under the ERISA law to support the claim asserted.

      D.      Plaintiff's Pleading is Deficient

The vague allegations made in Plaintiff's complaint also fail to state a claim upon which relief may be granted. The Supreme Court recently ruled that a complaint must be pled with sufficient particularity to survive a motion to dismiss, and Plaintiff's allegations hardly meet the standard enunciated in *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). Accordingly, the complaint must be dismissed.

## CONCLUSION

In *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (U.S. 2002), the Supreme Court explained that ERISA does not permit remedies that either supplant or supplement the remedies

available under §502.    Plaintiff has acknowledged that ERISA is the governing, applicable law in this matter. Therefore, since the Plaintiff's complaint is both factually deficient and none of the remedies under ERISA's exclusive remedial scheme set forth in Section 502 are available to the Plaintiff as discussed above, the Court should grant the Defendant's motion and dismiss the Complaint with prejudice.  Defendant also seeks her costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g).

                Respectfully submitted,

                BARBARA F. PIERCE, Defendant

                By: /s/ Mark D. DeBofsky
                One of the attorneys for Defendant

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

**CERTIFICATE OF SERVICE**

TO:    Keith G. Carlson
           Carlson Law Offices
           218 N. Jefferson, Ste. 101
           Chicago, Illinois 60661
           (312) 627-1212

       The undersigned attorney hereby certifies that on March 14, 2008, he electronically filed the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to the above named attorneys, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants: N/A.


                                                                      s/ Mark D. DeBofsky
                                                                      Attorney for Plaintiff


Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe, Suite 2440
Chicago, Illinois 60603
mdebofsky@ddbchicago.com
(312) 372-5200
(312) 372-2778 (fax)